**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## LETTER REPORT AND RECOMMENDATION

April 30, 2014

*All counsel of record via ECF*

**Re: THOMASINA PAIGE v. THE HOME DEPOT INC and/or JOHN DOES- I-X and/or ABC-XYZ CORP., said parties being fictitious and unknown.
Civil Action No.: 14-223 (JLL) (JAD)**

Dear Parties,

The Court has reviewed the Plaintiff's pending Motion to Remand, (ECF No. 6), and the Defendant's opposition thereto, (ECF No. 10), and recommends that at this time, the Motion to Remand should be denied without prejudice for the reasons stated below.

By way of background, this action involves a negligence claim against Defendant, Home Depot U.S.A., allegedly occurring when Plaintiff, Thomasina Page, was injured from a fall due to accumulation of debris at a Home Depot store, in Newark, New Jersey. (Pl. Br., ECF No. 6 at 2). Plaintiff, a New Jersey resident, initiated this action by filing a Complaint in the Essex County Superior Court of New Jersey, on or about November 25, 2013. (See ECF No. 1-1 at Exhibit A). Defendant is a Delaware Corporation with its principal place of business located in Atlanta, Georgia. (Notice of Removal, ECF No. 1 at ¶ 3). On January 13, 2014, Defendant removed the case to this Court contending that the Court had original subject matter jurisdiction and that

removal therefore was appropriate pursuant to 28 U.S.C. § 1441. (Id. at ¶ 8). On March 24, 2014, Plaintiff moved to remand this case to the New Jersey Superior Court, arguing that removal was improper. (Pl. Br., ECF No. 6).

Under 28 U.S.C. § 1332(a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states. Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's pre-suit demand in this case was $450,000, which clearly exceeds the minimum amount in controversy necessary for this Court to exercise proper subject matter jurisdiction based on diversity. (Notice of Removal, ECF No. 1 at ¶ 5). Plaintiff resides in Newark, New Jersey while Defendant is a citizen of both Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332. (Id. at ¶¶ 2-3). At the time of the petition for removal there were no identified New Jersey residents that had been served with process.[1] For this reason, subject matter jurisdiction currently exists and remand is not appropriate.

Plaintiff argues however, that once discovery has commenced and an employee of the Defendant is properly identified, Plaintiff plans to file an amended complaint and join this party, which could upset complete diversity. (Pl. Br., ECF No. 6 at 6). This Court agrees it must eventually determine whether the joinder of fictitious parties defeats diversity jurisdiction.[2] The Third Circuit in Abels v. State Farm Fire & Cas. Co., held that in determining whether allegations

---

[1] "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Pullman Company v. Jenkins, 305 U.S. 534, 537, 540, 59 S.Ct. 347, 348, 350, 83 L.Ed. 334 (1939).

[2] The Court is also mindful that pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court pursuant to 28 U.S.C. § 1441], the case shall be remanded." See also Cmty Claims Assocs. v. Rosenberg, No. 11-6428, 2011 U.S. Dist. LEXIS 127743, at *1 (D.N.J. Nov. 3, 2011) (remanding case to state court upon *sua sponte* determination that federal subject matter jurisdiction was lacking).

against a Doe defendant are sufficient on their face to destroy diversity, courts have looked for some clue who the Doe might be, how the Doe might fit into the charging allegations, or how the Doe might relate to other parties.[3]  770 F.2d 26, 30 (3d Cir. 1985).  Under this approach, "[a] plaintiff who wishes to sue unnamed defendants must articulate with greater particularity than notice pleading might otherwise demand the claimed involvement, capacity, and perhaps physical characteristics of the Doe defendants, or risk removal to federal court." Id. quoting Herrera v. Exxon Corporation, 430 F.Supp. 1215, 1220 (N.D.Cal.1977).

Here, Plaintiff does not list the citizenship of the fictitious Defendant in the Complaint, but rather, explains in her moving papers, that the fictitious Defendant is named "Preston" and is an employee of the store where she fell.  (Pl. Br., ECF No. 6 at 6).  For this reason, the Court directs Plaintiff to file any required motion to amend, on or before May 16, 2014, for this Court's consideration.

Accordingly, it is the recommendation of this Court that Plaintiff's pending Motion to Remand, (ECF No. 6), be **DENIED without prejudice** to it being refiled after this Court determines any motion to amend.

SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Jose L. Linares, U.S.D.J.

---

[3] Citing Hartwell Corporation v. Boeing Company, 678 F.2d 842, 843 (9th Cir.1982).